UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

State of Minnesota, *by and through its Attorney General Keith Ellison*,

    Plaintiff,

v.

Donald J. Trump, *in his official capacity as President of the United States*; United States Department of Justice; Pamela Bondi, *in her official capacity as Attorney General of the United States*,

    Defendants.

File No. 25-cv-1608 (ECT/DLM)

**ORDER**

---

Plaintiff State of Minnesota filed a motion to supplement the record. ECF No. 36. The State wishes to supplement the record through a letter that addresses several matters, and the State included the proposed letter with its motion. *See id.* The motion will be denied, though other proceedings will be ordered to address the issues the State identified.

(1) In a letter dated September 30, 2025, the Offices for Civil Rights of the United States Department of Education and the United States Department of Health and Human Services announced the results of Title IX investigations they conducted into the Minnesota Department of Education and the Minnesota State High School League.[1] Whether the letter

---

[1] Last week, I independently obtained and read the letter. That seemed appropriate. The letter is a public record. It was the subject of many news reports. It concerns this case's subject matter. And it may have a bearing on the pending motion to dismiss.

and the results it described may impact the pending motion to dismiss—and if so, how—are important questions that deserve to be formally briefed.

(2) The State represented that the letter's issuance may prompt the State to seek leave to amend its Complaint to add new defendants and claims. If the State follows through on that request, and if it is granted, that would raise a separate and more fundamental question regarding whether an amended complaint might moot the pending motion to dismiss. Ordinarily, the filing of an amended complaint renders moot a Rule 12 motion to dismiss the original complaint. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

(3) I am aware that this case has been stayed at Defendants' request due to an appropriations lapse. ECF Nos. 33, 35. The stay is in place until appropriations are restored. ECF No. 35. Notwithstanding the appropriations lapse, however, the federal Departments of Education and Health and Human Services gave the Minnesota Department of Education and the State High School League ten days from the letter's September 30 date (or until Friday, October 10), "to voluntarily resolve their Title IX violations . . . or risk imminent enforcement action." Press Release, U.S. Dep't of Health & Hum. Servs., U.S. Department of Education and U.S. Department of Health and Human Services Find that Minnesota Violated Title IX (Sep. 30, 2025), https://perma.cc/RP8V-WM6Z. Considered against the intertwined relationship between the September 30 letter and this case, the insistence on this comparatively short deadline notwithstanding the appropriations lapse is arguably inconsistent with the grounds Defendants identified in supporting their request for a stay.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein **IT IS ORDERED THAT**:

1. Plaintiff State of Minnesota's Motion to Supplement the Record is **DENIED**.

2. If the State wishes to seek leave to amend its Complaint, it shall file an appropriate motion before Magistrate Judge Micko. *See* D. Minn. LR 7.1(b). In addition to identifying the ordinary grounds supporting a request for leave to amend, if the stay remains in place, the State shall identify grounds to lift the stay, either altogether or for purposes regarding the request for leave to amend the Complaint.

3. If the State files an appropriate motion, and if Judge Micko grants the State leave to amend its Complaint, the parties shall meet and confer promptly regarding whether the amended complaint moots the pending motion to dismiss. If the parties agree on the answer to that question, they shall promptly notify the Court of their agreement. If the parties do not agree, they shall contact the district judge's courtroom deputy to obtain a schedule to govern briefing the question.

4. If the State does not seek leave to amend its Complaint, or if it is denied leave to do so, the parties shall contact the district judge's courtroom deputy to obtain a schedule to govern briefing the effect of the September 30 letter on the pending motion.

Dated: October 8, 2025                s/ Eric C. Tostrud
                                      Eric C. Tostrud
                                      United States District Court