# EXHIBIT F



**U.S. Department of Justice**

Civil Rights Division

*Assistant Attorney General*
*950 Pennsylvania Ave, NW - RFK*
*Washington, DC 20530*

April 8, 2025

**VIA U.S. MAIL**

Attorney General Keith Ellison
445 Minnesota St.
Suite 600
St. Paul, MN 55101

Dear General Ellison:

The United States Department of Justice is commencing a compliance review of Minnesota entities pursuant to Title IX of the Educational Amendments Act of 1972 and requests that you clarify your opinion regarding the Minnesota Human Rights Act's applicability to sports.

Title IX prohibits a recipient of federal financial assistance from discriminating on the basis of sex. 20 U.S.C. § 1681. As you know, many Minnesota schools and educational entities receive federal financial assistance from the Department of Justice and other federal government sources and therefore must abide by Title IX's requirements. And state law or policy that is contrary to federal law is preempted.

On February 25, 2025, Attorney General Bondi sent you a letter advising you of Minnesota's obligations under Title IX regarding the protection of equal opportunities for women and girls in sports and athletic associations. In particular, she warned that your February 20, 2025, opinion, which absurdly interprets Minnesota law to require schools to permit men and boys to compete in women and girls' sports, is contrary to Title IX, not to mention common sense.

In conducting this compliance review, we remain gravely concerned that your opinion—which under Minnesota law is "decisive" until a court says otherwise, Minn. Stat. § 8.07—seemingly *requires* Minnesota schools to disregard the federal government's interpretation of Title IX described in President Trump's Executive Order instructing federal agencies to keep men out of women's sports. In that order President Trump explained that under Title IX, "educational institutions receiving Federal funds cannot deny women an equal opportunity to participate in sports."

Funding provided under Title IX supports a multitude of programs that benefit Minnesota students. But if your opinion compelled Minnesota schools to require women and girls to compete with men and boys, then you would be setting up an irreconcilable conflict between Minnesota and federal law and forcing Minnesota schools to lose their federal funds.

Your opinion did not expressly mention Title IX, and we trust that you did not intend to put Minnesota schools to this impossible choice in the name of "depriv[ing] women and girls of fair athletic opportunities." Exec. Order 14201 § 1. Accordingly, we request that you clarify that your opinion does not require Minnesota schools to require men and boys to compete in women and girls' sports. **Please provide the United States Department of Justice a written response to this request by 5 pm on April 15, 2025. Any failure to respond will be taken as a confirmation that your opinion established a binding directive for Minnesota schools and educational programs to disregard federal law.** This course of action will leave the Department with no choice but to seek judicial resolution to ensure Minnesota schools are permitted to fulfill their obligations under Title IX and maintain federal funding.

If you have any questions about this letter, contact this office at (202) 514-2151.

Sincerely.

CHAD MIZELLE
Acting Associate Attorney General

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

cc:   Chief Deputy, John Keller, via email to *john.keller@ag.state.mn.us*