# EXHIBIT I

**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**Office for Civil Rights**

Headquarters ● Humphrey Building
200 Independence Ave, S.W.● Washington, D.C. 20201
Voice: (800) 368-1019 ● TDD: (800) 537-7697
Fax: (202) 619-3818 ● www.hhs.gov/ocr

June 26, 2025

Keith Ellison
Attorney General for the State of Minnesota
keith.ellison@ag.state.mn.us
attorney.general@ag.state.mn.us

Willie Jett
Minnesota Commissioner of Education
mde.commissioner@state.mn.us

Erich Martens
Executive Director
Minnesota State High School League
emartens@mshsl.org

Re: Notice of Compliance Review (OCR Transaction No. DO-25-626433-RV-CRR)

Dear Counsel:

The U.S. Department of Health and Human Services' (HHS) Office for Civil Rights (OCR) is initiating a compliance review of the Minnesota Department of Education (MDE) based upon the participation of a male athlete in a female-only high school softball championship, as widely reported in multiple media outlets. Minnesota's high school interscholastic athletic policy allows for the participation of this athlete and other biological males in female-only sports, in violation of Title IX of the Education Amendments of 1972[1] (Title IX), a requirement restated in President Trump's Executive Order (E.O.) 14201, "Keeping Men Out of Women's Sports," signed on February 5, 2025.

OCR enforces Title IX, which prohibits discrimination on the basis of sex in all operations of any educational program or activity that receives Federal financial assistance (FFA). OCR ensures compliance through enforcement activities and periodic reviews of HHS-funded institutions such as MDE. Based on a review of publicly available data, in 2024, MDE received a total of $11,947,984 from HHS, including funding from ACF ($8 million), SAMHSA (over $3 million), and CDC (over $200,000). As such, it is required to comply with Title IX.

Similarly, MSHSL is the governing body for youth sports in the state of Minnesota for public high schools. In this capacity, MSHSL has the same legal obligations under Title IX as MDE. Minnesota expressly allows high schools to delegate control of their athletic activities to MSHSL by statute: "The governing board of a high school may delegate its control of extracurricular activities to the

---

[1] 20 U.S.C. §1681, *et. seq.*, as implemented by HHS at 45 C.F.R. Part 86.

1

U.S. Department of Health and Human Services
Office for Civil Rights
Headquarters ● Humphrey Building
200 Independence Ave S.W. ● Washington, D.C. 20201

league [MSHSL]. A school board may spend money for, and pay dues to, the league. . . . The State High School League may control contests by and between pupils of the Minnesota high schools that are delegated to it under this section."[2] Minnesota public high schools are governed by the state through the MDE, as set forth under Minnesota Statutes Section 127A.05.

Accordingly, MSHSL's statutory authority to regulate interscholastic activities on behalf of the state requires it to comply with Title IX. *See A.B. v. Haw. State Dep't of Educ.,* 386 F. Supp. 3d 1352, 1357-58 (D. Haw. 2019) (holding that allegations that a high school athletic association had controlling authority over the federally funded Hawaii Department of Education's interscholastic athletic programs could suffice to subject the association to Title IX); *Horner v. Ky. High Sch. Athletic Ass'n,* 43 F.3d 265, 271-72 (6th Cir. 1994) (holding that, because Kentucky's state laws conferred authority to the Kentucky State Board of Education to control certain activities for the federally funded Kentucky Department of Education, the Board is subject to Title IX); *Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 80 F. Supp. 2d 729, 732, 735 (W.D. Mich. 2000) (holding that an athletic association that "does not receive any direct assistance from the federal government," and "receives the bulk of its funding from gate receipts generated at MHSAA-sponsored tournaments," was still covered under Title IX, because "any entity that exercises controlling authority over a federally funded program is subject to Title IX, regardless of whether that entity is itself a recipient of federal aid").

As stated in Section 1 of E.O. 14201, under Title IX, "educational institutions receiving Federal funds cannot deny women an equal opportunity to participate in sports." OCR understands that "sex" as used in Title IX refers solely to biological sex. *See Adams v. School Board of St. Johns County*, 57 F.4th 791, 812 (11th Cir. 2022) (en banc) ("Reputable dictionary definitions of 'sex' from the time of Title IX's enactment show that ... 'sex' ... meant biological sex."). Following this plain reading of the statute, some Federal courts have further recognized that "ignoring fundamental biological truths between the two sexes deprives women and girls of meaningful access to educational facilities." *Tennessee v. Cardona*, 737 F. Supp. 3d 510, 561 (E.D. Ky. 2024); *see also Kansas v. U.S. Dept. of Education*, 739 F. Supp. 3d 902, 923 (D. Kan. 2024) (highlighting Congress's purpose in enacting Title IX was to "protect[] biological women in education").

Likewise, biological differences between male and female athletes require single-sex teams in many sports to ensure equal opportunity to participate in sports. *See Soule v. Conn. Ass'n of Sch.*, 755 F. Supp. 3d 172, 191 (D. Conn. 2024) (finding "plaintiffs plausibly allege that the defendants' failure to provide them with sex-separated competition deprived them of high-quality competitive opportunities that 'equally reflect[ed their] abilities'") (quoting *Title IX of the Education Amendments of 1972, A Policy Interpretation, Title IX and Intercollegiate Athletics*, 44 Fed. Reg. 71,413, 71,417-18 (Dec. 11, 1979)). Allowing male participants on female-only teams also fails to accommodate females' participation in sports by depriving them of the fair physical competition that is only possible when competing with other students of the same sex.

As a recipient of FFA from HHS, MDE is obligated to comply with Title IX.

---

[2] Minn. Stat. Ann. § 128C.01.

U.S. Department of Health and Human Services
Office for Civil Rights
Headquarters ● Humphrey Building
200 Independence Ave S.W. ● Washington, D.C. 20201

Further, it is no answer for MDE to assert that Title IX conflicts with state law, as Federal laws preempt conflicting state laws. *See* U.S. Const. art. 6, cl. 2; *see also Westside Mothers v. Haveman*, 289 F.3d 852, 860 (6th Cir. 2002) ("[W]hen a state agency accepts federal funds appropriated under the spending clause, the supremacy clause requires conflicting local law to yield.").

As noted above, OCR is launching a compliance review of MDE and MSHSL under Title IX. Consequently, as OCR's investigation proceeds, OCR may require MDE and/or MSHSL to respond to certain document requests. OCR's right of access to collect information to determine MDE's (and, thus, MSHSL's) compliance status is found at 45 C.F.R. § 80.6(c) (incorporated by reference at 45 C.F.R. § 86.71), which states:

> Each recipient shall permit access by the responsible Department official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part.

The focus of this compliance review will be to determine whether MDE denied the benefits of any education program or activity to female students in the State of Minnesota on the basis of sex, or otherwise discriminated against such students on the basis of sex in violation of Title IX.

Please be advised that federal regulations prohibit covered entities from harassing, intimidating, or retaliating against individuals who participate in OCR investigations or compliance reviews. Any such action may constitute a violation of 45 C.F.R. § 80.7(e) (incorporated by reference at 45 C.F.R. § 86.71). We request that you take all necessary steps to assure compliance with this prohibition.

If you have questions, you may contact Daniel Shieh, Senior Advisor, at Daniel.Shieh@hhs.gov. When contacting this office, please remember to include the transaction number, referenced above, that we have given this file.

Sincerely,

Paula M. Stannard
Director
HHS, Office for Civil Rights